MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750
E-mail: matthew.schwartz@usdoj.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ADRIAN GARCIA (A98 226 414),
ANAHI GARCIA (A98 226 716),
ERIC GARCIA (98 226 715),

     Plaintiffs,       **ANSWER**

   - against -         Filed Electronically

ANDREA QUARANTILLO,      No. 07 Civ. 9297 (RMB) (DFE)
DISTRICT DIRECTOR, USCIS,
NEW YORK, NEW YORK,

     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

  Defendant Andrea Quarantillo, New York District Director for the United States Citizenship & Immigration Service (CIS), by her attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint for Mandamus ("Complaint") on information and belief as follows:

1.  Neither admits nor denies the allegations in paragraph 1 of the Complaint because they constitute plaintiffs' statement of jurisdiction, to which no response is required. To the extent a response is required, the defendant denies the allegations contained in this paragraph.

2.  Neither admits nor denies the allegations in paragraph 2 of the complaint because they constitute plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, the defendant denies the allegations contained in this paragraph.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.  Denies the allegations in paragraph 4 of the Complaint, except admits that defendant is the District Director of CIS's New York District. Defendant further admits that CIS is charged with adjudicating applications for adjustment of status, in accordance with various legal requirements.

5.  Denies the allegations in paragraph 5 of the Complaint, except admits that plaintiff Adrian Garcia filed an Application to Register Permanent Residence or Adjust Status that was received by CIS on February 20, 2004.

6.  Denies the allegations in paragraph 6 of the Complaint, except admits that plaintiff Adrian Garcia was interviewed by CIS officials on March 8, 2006, in connection with her application for adjustment of status. Defendant further avers that Adrian Garcia's application for adjustment of status was approved on November 9, 2007.

7.  Denies the allegations in paragraph 7 of the Complaint, and further avers that Adrian Garcia's application for adjustment of status has been approved.

8.  Admits the allegations in paragraph 8 of the Complaint.

9.  Denies the allegations in paragraph 9 of the Complaint, except admits that

       defendant is inundated with applications for adjustment of status and has limited adjudication officers to adjudicate those applications.

10. Denies the allegations in paragraph 10 of the Complaint, and further avers that Adrian Garcia's application for adjustment of status has been approved.

11. Denies the allegations in paragraph 11 of the Complaint, and further avers that Adrian Garcia's application for adjustment of status has been approved.

12. Neither admits nor denies the allegations in paragraph 12 of the Complaint because they constitute conclusions of law, to which no response is required. To the extent a response is required, the defendant denies the allegations contained in this paragraph, and further avers that Adrian Garcia's application for adjustment of status has been approved.

13. Neither admits nor denies the allegations in paragraph 12 of the Complaint because they constitute conclusions of law, to which no response is required. To the extent a response is required, the defendant denies the allegations contained in this paragraph.

14. Denies the allegations in paragraph 14 of the Complaint.

15. The last, unnumbered paragraph of the Complaint, including sub-paragraphs (a)-(c), contains plaintiffs' prayer for relief, to which no response is required.

FIRST DEFENSE

16. The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

17. The Court lacks subject matter jurisdiction over the Complaint.

### THIRD DEFENSE

18. Plaintiffs' claims are unripe for review.

### FOURTH DEFENSE

19. Plaintiffs have failed to exhaust their administrative remedies.

### FIFTH DEFENSE

20. Plaintiffs have failed to show they are owed a peremptory duty that defendant has refused to perform.

### SIXTH DEFENSE

21. Mandamus does not lie against defendant to control the exercise of their administrative judgment and discretion.

### SEVENTH DEFENSE

22. Any delay in the adjudication of plaintiffs' applications is attributable to their own actions.

### EIGHTH DEFENSE

23. Plaintiffs are not statutorily eligible for adjustment of status until the CIS has completed its examination of plaintiffs, including an investigation into their background by the Federal Bureau of Investigation.

### NINTH DEFENSE

24. Plaintiff Adrian Garcia's claims are moot.

### TENTH DEFENSE

25. Plaintiffs have failed to join an indispensable party.

WHEREFORE, defendant demands judgment dismissing the Complaint with prejudice.

Dated:     New York, New York
           December 14, 2007

           MICHAEL J. GARCIA
           United States Attorney
           Attorney for Defendant

       By: /s/ Matthew L. Schwartz
           MATTHEW L. SCHWARTZ
           Assistant United States Attorney
           Telephone: (212) 637-1945
           Facsimile:  (212) 637-2750
           E-mail:  matthew.schwartz@usdoj.gov

TO: Spiro Serras, Esq.
    Wilens & Baker, PC
    450 Seventh Avenue
    New York, New York 10123